IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                      CASES NO.  4:10cr25-RH/CAS
                                                                              4:12cv470-RH/CAS
ALDO RAY WILSON,

      Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

The defendant has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction.  The motion is before the court on the magistrate judge's report and recommendation, ECF No. 80.  No objections have been filed.  This order accepts the report and recommendation and denies the § 2255 motion, with this additional note.

An officer saw the defendant driving a truck.  A computer check showed the truck's owner had a suspended or revoked license.  The defendant matched the description of the owner; the officer thus reasonably believed the defendant was driving with a suspended or revoked license.  The officer decided to make a traffic stop.  But the defendant was at his residence.  The defendant pulled into his yard.

The officer followed the defendant, who got out of the truck and walked back to the officer.  They talked, a back-up officer arrived, and eventually the back-up officer looked into the truck.  He saw a gun in plain view.  That led to the defendant's arrest for possessing a firearm as a convicted felon.

The defendant instructed his attorney to file a motion to suppress, but the attorney declined to do it.  The defendant now says this constituted ineffective assistance.  In fact, however, the stop was lawful; the officer reasonably believed the defendant was driving on a suspended or revoked license.  The officer had a right to stop the truck, even though, before this could be accomplished, the truck was on the defendant's property.  The stop and eventual seizure of the gun were proper.  Had the defendant's attorney filed a motion to suppress, I would have denied it.  The attorney did not render ineffective assistance.

The report and recommendation also correctly concludes that the defendant was properly convicted as an armed career criminal under 18 U.S.C. § 924(e).  The defendant had "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another," even as those terms are defined today, and even without regard to the "residual clause" that was held unconstitutional in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

For these reasons and the additional reasons set out in the report and recommendation, the defendant is not entitled to relief.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability.  Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits).  As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4).  Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.* at 484.

The defendant has not made the required showing.  This order thus denies a certificate of appealability.  Accordingly,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is DENIED."

2. The defendant's application for a certificate of appealability is DENIED.

SO ORDERED on August 21, 2015.

                                       s/Robert L. Hinkle
                                       United States District Judge